UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANA WILLIAMSON,

Defendant.

No. 2:25-cr-00258-TLN-1

**ORDER**

This matter is before the Court on Defendant Dana Williamson's ("Defendant") Motion to Continue Sentencing. (ECF No. 41.) The Government filed a partial opposition. (ECF No. 42.) For the reasons set forth below, Defendant's Motion is GRANTED IN PART.

///

///

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2025, a federal grand jury returned an indictment charging Defendant with one count of conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349 ("Count 1"), eleven counts of bank fraud in violation of 18 U.S.C. § 1344, six counts of wire fraud in violation of 18 U.S.C. § 1343, one count of conspiracy to interfere with governmental function and obstruct justice in violation of 18 U.S.C. § 371 ("Count 19"), three counts of subscribing to false tax returns in violation of 26 U.S.C. § 7206(1) ("Counts 20–22"), and one count of making materially false statements in violation of 18 U.S.C. § 1001(a)(2) ("Count 23"). (ECF No. 1.)

On May 14, 2026, Defendant pleaded guilty to Counts 1, 22, and 23 of the Indictment. (ECF No. 33.) The Court set Judgment and Sentencing for September 17, 2026, referred the matter to Probation to prepare a Presentence Report ("PSR"), and set a schedule for the parties to file sentencing memoranda. (ECF Nos. 35, 36.) On August 27, 2026, a final PSR was filed. (ECF No. 37.)

On September 3, 2026, Defendant filed the instant Motion to Continue Sentencing. (ECF No. 41.)

## II. STANDARD OF LAW

The Court "must impose sentence without unnecessary delay," but "may, for good cause, change any time limits prescribed." Fed. R. Crim. P. 32(b). Generally, courts consider the following four factors when determining whether or not to grant a continuance: (1) Defendant's diligence in readying his defense prior to the date set for sentencing; (2) the likelihood the continuance would serve a useful purpose; (3) the extent to which granting the continuance will inconvenience the Court and the opposing party; and (4) the extent to which Defendant may suffer harm as a result of the Court's denial. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985) (internal citations omitted). The weight attributed to each factor varies "with the extent of the showing on the other factors." *Id.* Ultimately, district courts have broad discretion when deciding whether to grant a continuance. *See United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999).

## III. ANALYSIS

Defendant requests the Court continue Judgment and Sentencing to January 19, 2027, or, alternatively, hold a status conference before selecting a new sentencing date. (ECF No. 41.) Defense counsel explains Defendant's medical circumstances have limited counsel's ability to consult with his client and prepare for sentencing. (*Id.*) The Government requests the Court reset sentencing for October 8, 2026, subject to further consideration at a September 24, 2026, status conference. (ECF No. 42 at 1–2.) The Government argues the present record does not justify a longer continuance and that any additional delay must rest on medical necessity rather than preparation that counsel should have completed already. (*Id.* at 2–3.) Despite their disagreement about the appropriate sentencing date, the parties agree sentencing should not proceed on September 17, 2026, and that the Court should hold a status conference on September 24, 2026. (*Id.* at 1.)

The Court finds good cause to grant this limited relief. This is Defendant's first request to continue sentencing, and the record reflects an urgent and evolving medical situation that has affected counsel's ability to prepare. (ECF No. 41.) Vacating the September 17 hearing and holding a status conference one week later will afford counsel additional time to consult with Defendant and assess her ability to participate meaningfully in sentencing. Given these circumstances, the parties' agreement, and the limited relief, the Court need not undertake a detailed analysis of the *Flynt* factors at this stage. The Court will consider the appropriate length of the continuance after the status conference.

While the Court recognizes the Government's legitimate concern about unnecessary delay, such concern does not require the Court to select an interim sentencing date now. The Government acknowledges that Defendant's circumstances remain uncertain and a full assessment of the appropriate sentencing date would be premature without additional information. (ECF No. 42 at 2 n.2.) A prompt status conference will permit the Court to evaluate that information and determine a schedule that affords counsel a meaningful opportunity to prepare while complying with the requirement to impose sentence "without unnecessary delay." Fed. R. Crim. P. 32(b)(1). The Court therefore defers selecting a new sentencing date until after the

status conference.

The Government's opposition also indicates that defense counsel intends to provide the Government with medical records relevant to Defendant's request for a further continuance before the status conference. (ECF No. 42 at 1–3.) The parties will therefore have an opportunity to review the available medical information and present informed positions regarding the appropriate sentencing date. To that end, the parties are ordered to meet and confer, either by telephone or in person, before the September 24 conference to discuss Defendant's medical circumstances and agree on a sentencing date.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (ECF No. 41) is GRANTED IN PART as follows:

1. The Judgment and Sentencing set for September 17, 2026, is VACATED.
2. A status conference regarding sentencing is set for September 24, 2026, at 9:30 a.m. in Courtroom 2. In advance of the conference, the parties shall meet and confer by telephone or in person.
3. Following the status conference, the Court will set a new date for Judgment and Sentencing and corresponding deadlines for formal objections to the Presentence Report and any replies.

IT IS SO ORDERED.

DATE: September 15, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE